May it please the Court, Joel Henriad on behalf of Appellant Top Rank. This is a simple case about whether an arbitrator in a contract dispute may consider controversies that, while related to the contract, are outside the specific scope of the arbitration demand, even if the arbitration award where the arbitrator exceeds her power. And the arbitrator's power is limited by both the by both the express language in the contract, as this Court made clear in Coase's case, and the arbitrator's power outside the scope of the first trading, and also by the scope of the issues presented or submitted by the parties. Sotomayor, does the arbitrator have the authority in the first instance to interpret the scope of the arbitration demand? Yes. And I think I think the Court's most recent decision in Pack Concrete does go to that. But I think that the arbitrator's ability to or freedom to interpret the submission is limited to whether or not that submission is ambiguous, just as the Court's interpretation of a contract clause is limited to whether or not the language in the contract is ambiguous. Certainly, an arbitrator has has wide berth where the contract provision is ambiguous, but where it is unambiguous, as this Court made clear in Coase Trading, the arbitrator is bound by what the parties had agreed to in the contract. Similarly, where the submission to the court, where the demand, the nature of the dispute is specific, we would argue that the arbitrator is bound by what is. Are you suggesting that the parties set up walls and the arbitrator can't go outside those walls? Is that correct? I'm sorry. Are you asking whether or not that happened here as a matter? Asking, yes. As a matter of the ordinary course of arbitrations, parties set up walls and the arbitrator cannot go outside those walls. Yes. Yes. I think that's exactly what you're suggesting. Have you ever seen an arbitration demand which says that the arbitrator can consider questions of credibility? I haven't. No. I've been doing it for a long time. Isn't it true that those things are generally not listed and yet arbitrators do it? I think gauging the credibility of witnesses is inherent in the fact-finding process. Fine. Does that also include impeaching a witness? Can you impeach a witness in an arbitration? Yes. I think so. And isn't the impeachment most of the time from something outside the walls? And if so, aren't you suggesting that basically you want to hog-tie the arbitrator into making a determination in your way? The arbitrator has to have a certain amount of discretion as to what he or she is going to hear and take into account in deciding the case. Isn't that true? I do. And I think especially when it comes to its fact-finding role. But when it comes to the issues, I mean, just the broad issues that are before the arbitrator, the arbitrator must be limited. Certainly it is clear that an arbitration award must be afforded great deference. We do give deference to those awards. They are hard to get away from, but it is, I think, particularly for that reason that the arbitrators must stick to the scope of those issues that the parties place before them. Because when a party does agree to go to arbitration, they are foregoing certain judicial protections. And it is much more difficult to vacate an arbitration award than it is a lower court proceeding. So when you forego those protections, it must be under the guise that you are only going to arbitration on those issues that are agreed to. Here, the the ---- Be to where? Suggested before. Well, that are placed before the Court in the demand. Let me correct. Well, that's just that's just circular. So the demand says there's a dispute here as to the amount that is due, and we claim that it is $40,000, and the only issue is whether or not it's $40,000? What? No, no. Well, the demand was not ambiguous. The arbitrator can't say it's $90,000? No. Well, here, the clause, the only clause of the contract that was put before the arbitrator in this case was the termination clause. And this ---- The demand was that you owe me $90,000 more for the second year of the contract because you didn't pay it, correct? Specifically under the termination clause. And under the termination clause, it simply is not correct that the top rank owed Mr. Brewster $90,000. I don't understand this. The contract says that all disputes arising with respect to this agreement shall be resolved through arbitration. And your position is that a dispute with respect to how much he's owing is not ---- was not before the arbitrator. And I don't understand that. I don't see that it was before the arbitrator. It could have been before the arbitrator. We're not suggesting that these ---- that this argument might not have been arbitrable had it been stated in the demand. And what do you do with the arbitrator's specific finding that there was notice of the extent of this claim and notice that it was part of the subject of the arbitration This issue was raised before the arbitrator, as I understand her decision. That is, the scope of the demand. And she said, I find that top rank was on actual and or inquiry notice of Brewster's position and goes on to discuss it. So don't we have to find that that finding is completely outside the realm of permissible findings in order to come to the conclusion you want? I don't think the rules of appellate procedure provide for that type of notice. The ---- The rules of appellate procedure. Or, I'm sorry. The rules of arbitration procedure, Rule 4. But my point is an arbitrator's decision cannot be set aside by a court just because we would have come to a different decision or we think it's wrong. Correct? Correct. Okay. So what you're saying is that this was incorrect. She shouldn't have said this. But I don't see that it reaches the level of problem that permits us to interfere. And I guess that's the difficulty I'm having. I understand your argument that it's wrong, but I can't get past that. I'm not sure it's a matter of level. I think it's a matter of type. And I think here the question is not whether or not she erred in interpreting the contract. The contract. Isn't that what you asked her to do? And I think on that, she has wide latitude. But she the question is not here an interpretation of an ambiguous clause where I think the arbitrator would be given significant. No, but it's an interpretation of an ambiguous demand for arbitration. And she says since he asked for $90,000, you had to know that she that he wasn't counting in the $45,000 because otherwise he wouldn't be asking for $90,000. I mean, just as a matter of logic. I understand your concern, Your Honor. I don't see that the demand is ambiguous. It specifically states that the demand is being submitted. Whether you see it or not doesn't count. Very good. Here, though, the demand is under Section 2C. The demand said what? The nature of the dispute, we lay it out in our reply brief. On page 3 of the reply brief, it says claimant LaJuan Brewster, a professional boxer, entered into a promotional rights agreement with Respondent Top Rank, Inc., which granted Respondent the right to promote Mr. Brewster's boxing matches. On or about November 8, 2000, Top Rank exercised its right to terminate the agreement in accordance with Section 2C. Section 2C provides that Top Rank exercises its right to terminate. Top Rank shall pay Mr. Brewster an amount equal to the difference between the aggregate purses received by Mr. Brewster during that contract year, $30,000, and the minimum guarantee for such year, $120,000. Which necessarily calls into question whether that $30,000 amount is the correct amount. Right. That was really the dispute between the parties, whether there was $30,000 or whether there was $75,000. As the purse for that contract year, but even the arbitrator here recognizes that it was undisputed that the purses during that year were actually $75,000. That was not in dispute. So, while I think this may have put Top Rank on notice that Brewster was mistaken about the amount of the purses that would apply during this contract year and the promotion rights contract does very specifically divide this into one-year terms. You know, you're really trying to say, it seems to me, to stretch this all the way out, you're trying to say there was never any dispute at all. It's just clear. Nobody had any different positions about this, and that can't be right. No. There was no dispute that during the second year, the purse winnings were $75,000. There certainly was a dispute as to whether or not the Court should stand back and look at the amount that Top Rank owed Brewster under the entire contract as one whole or whether or not it should be limited, whether or not the analysis should be limited to the Termination Clause of 2C. Is that the dispute? I'm not sure I understand your question. I'm sorry. Okay. I will reserve the rest of my time for the bottom. Good morning. May it please the Court, I am John Gatti, appearing on behalf of the appellee Laman Brewster. The standard, as the Court has set forth, is that an arbitration decision is reviewed both limited and highly deferential review at this level. The parties here contracted voluntarily to submit disputes amongst themselves to the arbitration in a binding arbitration and asked that arbitrator to rule on the disputes. And what was the dispute here? And the dispute here was whether or not there was a breach of the contract, of the promotional agreement contract, and whether or not what was the amount of that dispute. And that was submitted to the arbitrator. The arbitrator reviewed the agreement as the parties asked her to do. The parties submitted live testimony in a two-day arbitration.  However, that wasn't raised in their answer or their counterclaim to the arbitration demand. They raised that at the last minute in an arbitration about whether or not this money should be applied to year two or year one. As the arbitrator said in her decision and as the undisputed facts stated at the arbitration from live testimony from witnesses from both sides, that the $45,000 that the appellant has put at issue was to be applied to the first year because there was a they had failed to pay a guarantee for the first year. So that was to be applied that way. That was undisputed. So this issue about trying to decide which year it fell into, first off, goes against what the evidence that was submitted to the arbitration the arbitrator, and it also goes against what the intent was of the parties. And as we submitted this to an arbitration, we asked the arbitrator to interpret that contract. The arbitrator interpreted that contract based on the facts that were presented to her, based on the evidence, and that is what has happened. And now, as at we're at this level now, that has to be left alone unless we see a clearly irrational decision or a manifest disregard of the law, which there's no way that there's been no evidence of that at all. And, in fact, the arbitrator's ruling has been very reasoned and rational and down the line applied the facts to this case fairly. We've presented our position in our papers. If there's anything that the Court would ask of me, I'm more than happy to answer. Ginsburg. The arbitrator basically uphold what you said the arbitrator should do. Winsor. Absolutely. And the end in the demand itself, the arbitration, there's been an issue about what was said in the arbitration demand. The arbitration demand specifically says, as a result of Top Rank's breach of the Promotional Rights Agreement, Mr. Brewster is seeking recovery of $90,000 plus interest thereon and attorney's fees and costs pursuant to Section 23 of the agreement. There was no dispute with the parties. They understood that this was a binding arbitration. They understood that there were an attorney's fees provision that the prevailing party would take advantage of. There were costs that were properly attributed by the arbitrator to the – in favor of the prevailing party, and there was interest thereon that the parties stipulated to. So there really are no issues whatsoever in conflict that should – that would give rise to any reason to disrupt the arbitration or disrupt the arbitrator's reasoned opinion. Thank you. By relying on paragraph 2C and only on paragraph 2C, the only issue that Mr. Brewster arbitrator was the entitlement underneath the termination clause. The termination clause was restricted to damages incurred during the year of the breach. That was the second year. The guarantee was $120,000. The combined purses were 75. The Court, while – while I understand that Mr. Brewster is now arguing that all of these issues were put before the arbitrator because all of them could have been, they weren't. Thank you. Roberts. Thank you, counsel. The case just argued is submitted for decision. And the Court, before hearing the next case, the Court will take a 10-minute recess.
judges: Schroeder, Graber, Duffy